

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                        Opinion No. O-3597
                                 Re: Whether the private detective
                                     who uses the seal of the State
                                     of Texas on his card and auto-
                                     mobile is violating any law.

        We have your letter of May 23rd, which reads as fol-
lows:

        "I am attaching hereto a card that is
    being used by one R. L. Pendergrass, of Dallas,
    Texas, who is employed as a private detective.

        "You will note that he is using the Seal
    of the State of Texas on this card, and he
    also has a replica of this design on the doors
    of his automobile.  Naturally, he leaves the
    impression by using the Seal that he is a mem-
    ber of this organization, while in fact he is
    not commissioned as a state officer by any
    agency.

        "Please advise me whether or not in your
    opinion this party is violating the law by
    using the State Seal."

        The card of R. L. Pendergrass, which you attached to
your letter, contains a gold colored replica of a badge with
the seal of the State of Texas thereon and the words "Safety
Patrol."

        Article 150, Penal Code, forbids the use of the Texas
Flag for advertising purposes, but we have been unable to find
any statute which forbids the use of the seal of the State for
any purpose.  Consequently, we are of the opinion that the card

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of R. L. Pendergrass, which you enclosed in your letter, does not in and of itself constitute a violation of law.

If however, by the use of this card, the emblem on his automobile, or any other device, Mr. Pendergrass should falsely personate himself to be an officer of the State and should undertake to act as such, he would be violating Article 429, Penal Code of Texas, 1925, which reads:

"Whoever falsely assumes or pretends to be a Judicial or Executive Officer of this State or Justice of the Peace, sheriff or deputy, constable or any other judicial or ministerial officer of any county or a State Ranger in this State and takes upon himself to act as such shall be guilty of a misdemeanor and shall be confined in jail not exceeding six months or be fined not exceeding Five Hundred ($500.00) Dollars or by both such fine and imprisonment."

In the event a prosecution should be instituted under the above statute, it would be necessary to charge and prove that the defendant falsely pretended to be and acted as a particular officer, such as a Deputy Sheriff or State Ranger. As declared by the Court of Criminal Appeals in Walker v. State, 89 Tex. Cr. R. 180, 181; 229 S. W. 853, 854:

"The state's pleading must set out the pretense charged with sufficient particularity to enable the accused to know therefrom what office he is charged with assuming. This was done in the instant case, but was the allegation followed by proof which responded? Butts v. State, 47 Tex. Cr. R. 494, 84 S. W. 586. We do not think an allegation that one falsely pretended to be a deputy sheriff, or constable, or policeman, is met by proof that he said he was an officer. This will not do. There are officers of churches, corporations, lodges, and other concerns besides state officers, and the unsupported statement that appellant said he was an officer does not meet the legal requirement that the offense described in the information and that described by witnesses be identical. * * *."

See also Brown v. State, 75 Cr. R. 322, 170 S. W. 714; Stahmann v. State, 126 Cr. R. 192, 70 S. W. (2d) 709; Reid v. State, 128 Cr. R. 261, 80 S. W. (2d) 961.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch

Walter R. Koch
Assistant

WRK:RS

